UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Edward Hill, #231352, ) | C/A No. 8:11-776-HFF-JDA |
| )<br>Petitioner, )<br>) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| South Carolina; Warden Donald Beckwith, ) | |
| )<br>Respondent. )<br>_____) | |

Petitioner, Mark Edward Hill a/k/a Yah Chanan Ali, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).  Petitioner seeks immediate release from prison.  This action should be summarily dismissed without prejudice.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case.  Petitioner paid the $5.00 filing fee, and thereafter he filed a Motion for Leave to Proceed *in forma pauperis*, which this Court has granted in an accompanying Order filed on the date this Report and Recommendation is entered.  The review of this case was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Moreover, even if screening pursuant to 28 U.S.C. § 1915 should not apply to this case, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

Background

Petitioner completed a form designated "Petitioner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" and he submitted a typed document/attachment entitled

"Writ of Habeas Corpus Chapter 28 U.S.C.A. § 2241." Petitioner alleges that he was convicted by guilty plea in the Fairfield County Court of General Sessions on February 6, 2007, to several crimes. From a review of state court records, this Court discerns that Petitioner pled guilty to several drug trafficking or distribution and drug possession charges.[2] *See* Fairfield County Sixth Judicial Circuit Public Index Homepage, (enter "Mark Hill" and "search public index," view cases disposed of on "02/06/2007") (last visited April 22, 2011). Petitioner alleges that he received a sentence of eleven (11) years concurrent. Petitioner does not allege whether he filed a direct appeal from his February 6, 2007, criminal conviction and sentence. Petitioner does not allege whether he filed an action for post-conviction relief in a state court.[3] From a review of state court records, this Court discerns that Petitioner *did* file two actions for post-conviction relief in the Fairfield County Court of Common Pleas. *See* Fairfield County Sixth Judicial Circuit Public Index Homepage, (enter "Mark Hill" and "search public index," view cases "2008CP2000047" and "2010CP2000123") (last visited April 22, 2011). One post-conviction relief action, *Mark E. Hill v. State of South Carolina*, 2010CP2000123, appears to be pending because a final disposition has not been entered. *See* Fairfield County Sixth Judicial Circuit Public Index Homepage, (enter "Mark Hill" and "search public index," view "2010CP2000123," enter "Actions") (last visited April 22, 2011). It further appears from a review of this Court's records that Petitioner has *not* previously filed an action in this federal court.

---

2) The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

3) The form completed by Petitioner does not specifically request this information.

3

In the part of the Petition completed on the § 2241 form, Petitioner seems to raise three grounds for relief to support his request to be released from prison. First, he alleges that he is not a United States citizen. Second, he alleges that he is "black" which denotes a lack of nationality, is a term made in the U.S.A., and also means "slave." Third, Petitioner alleges that he is "an aboriginal indigenous Moor by birth right and inheritance." For all three of his grounds for relief, Petitioner checked on the form that he has *not* presented the ground in a prior court action. In the part of the Petition on the attached typed document, Petitioner alleges that has been incarcerated in violation of "Denationalization," and his name is "Yah Chanan Ali, and [his] true and actual legal status is 'Aboriginal Indigenous Moor.'" He explains that "slave" equals "property" so property cannot commit a crime. Petitioner alleges that he is subject to "denationalization" because he is a "Moorish-American," and he seeks to return his social security card and birth certificate to the United States. As a "Moorish-American," Petitioner alleges that he cannot be tried in a Christian corporate court per a 1787 United States-Morocco treaty.

## Discussion

Because Petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Section 2254 applies to a subset of those to whom § 2241(c)(3) applies, that is, "'a person in custody *pursuant to the judgment of a state court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* at 786 (quoting 28 U.S.C. § 2254(a) (emphasis added)). Petitioner is incarcerated within SCDC, and it therefore appears that he should have filed a petition for a writ of habeas corpus pursuant to 28

4

U.S.C. § 2254 instead of pursuant to 28 U.S.C. § 2241.[4]  This Court cannot discern why Petitioner chose to file a § 2241 Petition.  Both federal remedies of a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254 can generally only be sought *after* a petitioner has exhausted his state remedies.[5]  See 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971).  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).  *See Woodford v. Ngo*, 548 U.S. 81 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner

---

4) "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *See Castro v. United States*, 540 U.S. 375, 381 (2003).  This Court has considered whether to recharacterize the petition as pursuant to § 2254, but in this case it does not seem appropriate.  *See, e.g., Caldwell v. Wood*, No. 3:07cv41, 2010 WL 5441670 (W.D.N.C. Dec. 28, 2010) (in a § 2254 case, finding that petitioner's allegation of membership in the Moorish-American nation which entitled him to ignore state laws was ludicrous); *United States v. Lee-El*, Cr. No. 08-20140-01-KHV, 2009 WL 4508565 (D.Kan. Nov. 24, 2009) (finding that aliens in the United States, including aboriginal Moors and Moorish-Americans, must obey the laws of the United States); *Allah El v. Dist. Attorney for Bronx Cnty.*, No. 09 CV 8746(GBD), 2009 WL 3756331 (S.D.N.Y. Nov. 4, 2009) (dismissing § 2241 petition because it plainly appeared that petitioner was not entitled to relief where he alleged he was a Moorish-American citizen not subject to state and federal laws); *Hotep v. United States*, No. 3-07-CV-065-K, 2007 WL 1321845 (N.D.Tex. May 7, 2007) (finding that a civil action by a person claiming to be indigenous aboriginal Moorish for "denationalization" was factually frivolous and subject to dismissal with prejudice as frivolous).

5) Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"). Here, Petitioner admits that he has not raised his grounds for relief in a prior court action. Thus, it appears that Petitioner likely did not exhaust his state remedies prior to filing this federal habeas action.[6] Also, Petitioner appears to have a pending post-conviction relief action filed in the Fairfield County Court of Common Pleas. Thus, at this point, there does not appear to be the absence of available state corrective process. *See* Title 28 U.S.C. § 2254(b)(1)(B). The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[7] *See Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). If Petitioner does not obtain relief in his pending state PCR action, he may file a petition for writ of habeas corpus in this Court, and he should use a Form AO 241 -- a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.[8]

---

6) Of course, this Court does not know what arguments Petitioner made in the state PCR actions because Petitioner did not complete a Form AO 241 wherein Petitioner would have been asked about his state PCR actions.

7) If Petitioner's pending application for post-conviction relief is denied by a Court of Common Pleas in the future, Petitioner should seek appellate review in the South Carolina courts or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the State's established appellate review process by presenting the ground for relief in a face-up and square fashion). Of course, perhaps the Court of Common Pleas will grant Petitioner's pending PCR request.

8) The Clerk of Court will be directed to mail a blank Form AO 241 to Petitioner.

Additionally, this § 2241 Petition is subject to summary dismissal because it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief in the district court. *See* Rule 4 of Rules governing 2254 and Habeas Corpus cases; Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). "The purpose of the writ of habeas corpus is to free individuals from custody who are unlawfully detained." *Kanai v. McHugh*, No. 10-6086, 2011 WL 754783, at *2 (4th Cir. March 4, 2011). Each of Petitioner's grounds for relief are based on the premise that he should not have been prosecuted for violating the criminal laws of South Carolina because he is an indigenous aboriginal Moorish citizen. This assertion appears to be factually frivolous on its face. *See, e.g., Caldwell v. Wood*, No. 3:07cv41, 2010 WL 5441670 (W.D.N.C. Dec. 28, 2010) (in a § 2254 case, finding that petitioner's allegation of membership in the Moorish-American nation which entitled him to ignore state laws was ludicrous); *United States v. Lee-El*, Cr. No. 08-20140-01-KHV, 2009 WL 4508565 (D.Kan. Nov. 24, 2009) (finding that aliens in the United States, including aboriginal Moors and Moorish-Americans, must obey the laws of the United States); *Allah El v. Dist. Attorney for Bronx Cnty.*, No. 09 CV 8746(GBD), 2009 WL 3756331 (S.D.N.Y. Nov. 4, 2009) (dismissing § 2241 petition because it plainly appeared that petitioner was not entitled to relief where he alleged he was a Moorish-American citizen not subject to state and federal laws); *Hotep v. United States*, No. 3-07-CV-065-K, 2007 WL 1321845 (N.D.Tex. May 7, 2007) (finding that a civil action by a person claiming to be indigenous aboriginal Moorish for "denationalization" was factually frivolous and subject to dismissal with prejudice as

frivolous). Therefore, Petitioner plainly is not entitled to a writ of habeas corpus because his grounds for relief do not show that he is unlawfully detained.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). ***The Petitioner's attention is directed to the important notice on the next page.***

                                                    s/Jacquelyn D. Austin
                                                    United States Magistrate Judge

April 26, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).